MARY O'DRISCOLL, administratrix, *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Essex.   November 7, 1901. — January 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Evidence*, Declarations of deceased persons. *Practice, Civil*, Exceptions.

St. 1898, c. 535, admitting declarations of deceased persons formerly excluded as hearsay, applies to declarations in writing.

If in an action for personal injuries, declarations of a deceased examining surgeon, admitted under St. 1898, c. 535, are in the form of a report in writing and the report contains material statements, a party wishing to have the use of the paper limited in any way or any part of it sealed up must ask for instructions.

The question whether a certain document warranted a conclusion which is being argued to the jury by counsel, cannot be raised by asking the judge to interrupt the counsel and stop that part of his argument. The party wishing to raise the point must ask for a ruling, and if his request is refused he can except.

TORT for an injury on February 19, 1898, to Patrick O'Driscoll, the plaintiff's intestate, caused by a car of the defendant running from behind into the wagon in which he was driving. Writ dated April 15, 1898.

At the trial in the Superior Court, before *Maynard*, J., William J. Sheehan, a physician and surgeon, a witness for the plaintiff, testified that he called upon the plaintiff's intestate on the day following the accident, found him in bed, made an examination, and found that there was a fracture of the ninth rib in the region of the back, that the intestate spit up blood, and by this and other circumstances the witness diagnosed the case as a penetration of the pleura and the lung by the fractured rib. On cross-examination, he said that some time after the accident he met Dr. Arthur Kemble, a physician and surgeon of Salem, who stopped him and spoke to him about the injury received

by O'Driscoll, and said that he wished to make an examination of him at the request and for the benefit of the defendant. The witness said that their conversation was but for a moment, while each was sitting in his team on the street, and that he told Dr. Kemble that O'Driscoll had a broken rib. He was not sure whether he told him it was the ninth or tenth rib, but he was sure that the ninth was fractured. The defendant contended that if any rib was broken it was the tenth, and not the ninth, and offered medical testimony to prove that neither the lung nor the pleura extended as low as the tenth rib, and that neither would be penetrated · by a fracture of that rib. ·

Sheehan testified, that he gave his assent to the examination by Dr. Kemble; that he learned that Dr. Kemble called on O'Driscoll for the purpose of making an examination after the above conversation, but that he was not present at any time when Dr. Kemble saw O'Driscoll; and that he would not say there was any sign of a broken rib at the time that Dr. Kemble made the examination, assuming. that it was made the twenty-eighth day of March.

The defendant offered a report in writing made to the defendant by Dr. Kemble, who, at the time of the trial, was deceased. The signature was in the handwriting of Dr. Kemble, but the body of the report was in the handwriting of another person. The report was admitted in evidence, against the objection and exception of the plaintiff.

The report was as follows: " March 28, 1898. Surgeon's Report. — Patrick O'Driscoll; grocer; age, 62; married; date of accident, Feb. 19, 1898; date of examination, Mar. 26, 1898; attending surgeon, W. J. Sheehan. P. O. address, Salem, Mass. Diagnosis. — Fracture of the tenth rib of right side and injuries to muscles of the back. Patient's Account of the Accident. — While in his wagon coming up Bridge street, and near Arabella street, about 6 o'clock, P. M., a car struck his wagon, breaking his left shaft, twisting axle, and throwing him backward on to some oil cans which were in the body of the wagon, breaking the rib before mentioned, and bruising and straining the lumbar muscles. Immediate Effects of Accident. — Trouble in taking a long breath and at any attempt to get out of a chair or bed. Results up to Date. — The injury to rib seems to have been re-

paired.  He complains of much pain and lameness in back when attempting to move.  Prognosis. — Favorable.  I think it may be some weeks yet before the muscles of his back fully recover, as he is a large man, weighing 225 pounds or thereabouts. Arthur Kemble, M. D., Examining Surgeon."

The defendant's counsel in his argument contended that the statements contained in the writing by Dr. Kemble, as to the nature of the injury, were probably derived from the statements made by Dr. Sheehan to Dr. Kemble in regard to the accident and the condition in which Dr. Sheehan found O'Driscoll after the accident, and Dr. Sheehan's diagnosis of the case; and from this argued, that Dr. Sheehan did not find a fracture of the ninth rib; that O'Driscoll did not spit up any blood; that Dr. Sheehan did not see any blood, because if he had Dr. Kemble would have said so in his written statement; and that the statement was a statement of what Dr. Sheehan said to Dr. Kemble.  The plaintiff's counsel objected to this line of argument on the grounds, that it was not warranted by the paper signed by Dr. Kemble and admitted in evidence, and that the paper was not evidence of any fact upon which the argument was based.  The argument was allowed to stand, and the plaintiff excepted.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*D. N. Crowley,* (*J. J. Cahill* with him,) for the plaintiff.

*H. P. Moulton,* for the defendant.

HOLMES, C. J.  The report of Dr. Kemble to the defendant was no less a " declaration " within St. 1898, c. 535, because it was in writing, than it would have been if made by word of mouth.  No reason has been offered that seems to us to need an answer why the words of the act should be narrowed from their natural meaning.  Difficulties are suggested, to be sure, as to what writings would amount to a declaration.  Similar ones might be urged with regard to spoken words.  We will deal with them when they arise. — The statute is not confined to declarations of deceased parties to the controversy. — If the plaintiff had wished to have the use of the paper limited in any way, or any part of it sealed up, he should have asked for instructions.  There was evidence that Dr. Kemble had had

information from the plaintiff's doctor, who testified and was contradicted by the report, and that he had visited the intestate. The report contained material statements as to the injury and other things.

We do not feel quite sure what the statement means in the exceptions that an argument objected to as unwarranted " was allowed to stand, and the plaintiff excepted." But we do not understand from it that the court ruled that the doctor's report warranted the conclusion which the defendant's counsel sought to draw. If the plaintiff had asked a ruling that the report did not warrant that conclusion and it had been refused, he could have saved the question. What he seems to have done was to ask the court to interrupt the argument and stop that part of it on the ground that the inference suggested by it was unsound. It is not the duty of courts to confine arguments to the line of thought destined ultimately to prevail. We have indicated how the plaintiff might have saved his rights ; but even if the plaintiff was right there was no sufficient reason for allowing him to interrupt. *Commonwealth* v. *Byce*, 8 Gray, 461. *Commonwealth* v. *Worcester*, 141 Mass. 58. *Commonwealth* v. *Poisson*, 157 Mass. 510. In *Commonwealth* v. *Scott*, 123 Mass. 239, there was a ruling by the judge and the defendant's rights were infringed in a grave matter.

We should hesitate to say, however, that the argument was unsound. When Dr. Kemble visited the intestate the rib, if ever broken, had knit. He may not have found any traces of a fracture. He had had a talk with Dr. Sheehan, in which the jury were warranted in finding from Sheehan's testimony that the latter mentioned that a rib was broken. Dr. Kemble's report mentions the tenth rib as the one broken. It might be inferred from the foregoing facts that the number of the rib thus given was got from Dr. Sheehan. Therefore it might be argued that Dr. Sheehan had given a different account of the case to Dr. Kemble from that which he gave at the trial.

*Exceptions overruled.*