MARY NAGLE, administratrix, *vs.* BOSTON AND NORTHERN
STREET RAILWAY COMPANY.

HENRY P. HART *vs.* SAME.

Essex.    March 15, 1905. — April 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Evidence*, Declarations of deceased persons.    *Negligence*, Contributory.    *Street Railway.*

A declaration of a deceased person may be admitted under R. L. c. 175, § 66, although made in assent to a leading question if the question called for a fact within the personal knowledge of the declarant.

In an action by the widow of a motorman against the railway company by whom he was employed for his death alleged to have been caused by the starter of the defendant negligently giving him an order to proceed with his car on a single track without waiting for another car to pass him, in contravention of a general order, by reason of which he was killed by a collision, the starter denied that he gave any such order, and the conductor of the car of which the intestate was the motorman testified that as the car went upon the single track, proceeding toward a place called the Willows instead of stopping, he said to the deceased motorman "Jim, did you have orders to go to the Willows?" and that the deceased said "Yes" and nodded, and that after the collision when the conductor was in the ambulance with the deceased he said to him "Jim, did you get orders to go to the Willows?" and the deceased said "Yes, I did." The answers were objected to as not admissible under R. L. c. 175, § 66, because made in answer to leading questions and as merely embodying the declarant's inference as to what had been done or said by others. *Held*, that under the circumstances disclosed by the evidence the questions put by the conductor called for a fact within the personal knowledge of the deceased motorman and not for an inference to be made by him, and that the answers properly were admitted in evidence under the statute.

In an action by the widow of a motorman killed by a collision against the railway company employing him for causing his death, it is a question of fact for the jury whether the plaintiff's husband was in the exercise of due care in obeying the order of a starter of the defendant to proceed on a single track on which a car was to come in the opposite direction without waiting for the car to pass him on a double track before starting on the single one as a general order of the defendant required him to do.

In two actions against a street railway company for the death of one motorman and injuries to another from a collision of their two cars running in opposite directions on the same single track, it is a question of fact for the jury whether it was negligent for the husband of the plaintiff in the one case and the plaintiff in the other to run their respective cars at the rate of eight miles an hour in a thick fog upon a single track which was greasy because of dampness and fallen leaves.

In an action by a motorman against the railway company employing him for injuries from a collision of his car with another car of the defendant coming from

the opposite direction upon the same single track, if it appears that a general order of the defendant had been in force for four days requiring the cars coming from the opposite direction to wait upon a portion of the road having a double track until the plaintiff's car should pass, and if it also appears that on three of the four days that the order had been in force it had been disobeyed by the persons in charge of the car coming from the opposite direction, it is a question of fact for the jury whether the plaintiff and the conductor of his car knew of such disobedience or reasonably supposed that in those instances special orders had been given for the car to proceed, and, even if they knew that the order had been disobeyed and had failed to report the disobedience, it still would be a question for the jury whether they were in the exercise of due care in proceeding under a general order requiring their car to make the trip it was making.

Two ACTIONS OF TORT against the Boston and Northern Street Railway Company for the suffering and death of one motorman and for injuries to another from a collision of two cars running in opposite directions upon the same single track of the defendant, the first action by the administratrix of the estate of James E. Nagle who also sued under R. L. c. 106, § 73, as his widow, and the second by Henry P. Hart. Writs dated February 27, 1902, and January 20, 1902.

In the Superior Court the cases were tried together before *Gaskill*, J. Against the objection of the defendant the judge admitted the declarations of James E. Nagle which are stated in the opinion, and refused to order a verdict for the defendant. In each case the jury returned a verdict for the plaintiff, in the first case in the sum of $5,000, of which $3,000 was for conscious suffering of the plaintiff's intestate and $2,000 for causing the death of the plaintiff's husband, and in the second case in the sum of $350. The defendant alleged exceptions.

*J. P. Sweeney*, for the defendant.

*J. G. Walsh*, for Nagle.

*W. J. Bradley*, for Hart, submitted a brief.

BARKER, J. These actions arose from the same collision and were tried together. They are here upon the defendant's exceptions to the admission in evidence under the provisions of R. L. c. 175, § 66, of certain declarations made by Nagle, the intestate of whose estate the plaintiff in the first action is the administratrix, and upon an exception to the refusal of the judge to order verdicts for the defendant.

The collision occurred because the car of which Nagle was motorman, instead of stopping at the point where under the

general running orders in force it should stop unless in any instance special directions otherwise had been given, until the car of which Hart was motorman had arrived and passed upon a double track, failed to stop, and ran on upon a single track leading to the Willows. Hart's car was running in accordance with the general order.

As Nagle's car went on to the single track instead of stopping his conductor said to him, " Jim, did you have orders to go to the Willows ? " Nagle said " Yes " and nodded. After the collision, as the conductor was riding in the ambulance with Nagle the conductor said to him " Jim, did you get orders to go to the Willows ? " and he said " Yes, I did." This was the evidence admitted under exception.

It is urged in support of the exception, that the declarations of Nagle were inadmissible because made in answer to leading questions, and because they merely embody the declarant's inference as to what had been done or said by others. But the statute applies to every declaration of a deceased person found to be made in good faith before the commencement of the action and upon the personal knowledge of the declarant. If the statute was not intended to apply to declarations made in answer to leading questions the Legislature would have so said. Its words are not to " be narrowed from their natural meaning." *O'Driscoll* v. *Lynn & Boston Railroad*, 180 Mass. 187, 189. We think the questions put by the conductor were such under the circumstances as clearly to call upon Nagle for a fact within his own knowledge rather than any inference of his own ; and that it was for the jury to say whether he proceeded without stopping to wait. for the other car in consequence of an express order to that effect given to him. See *Huebener* v. *Childs*, 180 Mass. 483, 485. The statute has been construed liberally, the declarations when admitted being regarded as those of a witness and given probative effect. See *Brooks* v. *Holden*, 175 Mass. 137 ; *Mulhall* v. *Fallon*, 176 Mass. 266 ; *Stocker* v. *Foster*, 178 Mass. 591, 603 ; *Dixon* v. *New England Railroad*, 179 Mass. 242, 246 ; *O'Driscoll* v. *Lynn & Boston Railroad*, 180 Mass. 187, 189 ; *Huebener* v. *Childs*, 180 Mass. 483 ; *Green* v. *Crapo*, 181 Mass. 55, 63 ; *Stone* v. *Commonwealth*, 181 Mass. 438, 440 ; *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 99 ; *Hayes*

v. *Pitts-Kimball Co.* 183 Mass. 262, 264; *Cogswell* v. *Hall*, 185 Mass. 455, 458.   We think the evidence was admitted rightly.

Its weight and the inferences to be drawn from it were for the jury.   Assuming, as practically is conceded, that if Nagle had received orders to go through to the Willows without waiting at the end of the double track to meet the other car, such orders could have been given only by Boles the starter at Lawrence, the positive denial by Boles upon the stand that he gave any such order was also to be weighed by the jury.   If weighing all the evidence they found that Nagle went on without waiting for the other car in pursuance of orders given him by Boles they could find that the omission to wait for that car to pass was not negligent.   Whether it was negligent for Nagle or for Hart to run their respective cars at the rate of eight miles an hour in a thick fog upon a single track which was greasy because of the dampness and the fallen leaves was also a question for the jury.

Assuming that upon three of the four days since the new order had been made for the car going towards the Willows from Lawrence to wait at the end of the double track, that order had been disobeyed by the persons in charge of that car, it was a question of fact for the jury upon the evidence whether Hart and his conductor knew of such disobedience or reasonably supposed that in those instances special orders had been given for the car to proceed.   Even if they knew that the rule had been disobeyed and failed to report that disobedience, as the general order requiring their car to proceed past the Willows was in force, and it was their duty to act accordingly, we think it still a question for the jury whether they were in the exercise of due care in proceeding under the general order.   So too it was for the jury to say whether, if Nagle received from Boles an order to go through to the Willows, Nagle could without negligence on his own part rely on Boles to protect the car from a collision.

In our opinion the cases were for the jury.

*Exceptions overruled.*