CHARLES SOMMERS *vs.* MAX ADELMAN.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In an action for personal injuries, a verdict for the plaintiff based solely upon his testimony respecting his exercise of due care, which is not only improbable in itself but is directly contradicted by all four of the other witnesses of the accident, two of whom were called by the plaintiff, may properly be set aside by the trial court as an unreasonable conclusion of the jury.

Argued April 11th—decided June 1st, 1917.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.;* verdict for the plaintiff for $150, which the trial court

set aside as against the evidence, and appeal by the plaintiff. *No error.*

*Robert J. Woodruff,* for the appellant (plaintiff).

*Philip Pond,* for the appellee (defendant).

PER CURIAM. The trial judge set aside the verdict rendered for the plaintiff, for the reason that he had failed to present evidence from which the jury reasonably could have reached the conclusion that he was free from contributory negligence.

The testimony given by the plaintiff, if accepted as true, furnished a reasonable basis for the finding that he was in the exercise of due care. That of the only other witnesses, who profess to have been present upon the scene of the accident, and observers of what transpired, while not fully in accord with each other, were alike inconsistent with the plaintiff's story and with the exercise by him of reasonable care. These witnesses were four in number: two produced on behalf of the plaintiff and two on behalf of the defendant. The plaintiff's case, in so far as the element of care on his part is concerned, stands entirely upon his own testimony. That testimony, in so far as it touched the matter of vital importance, bears such marks of improbability, and is so opposed to that of the other witnesses, that the trial judge was justified in holding that it was so overwhelmingly disproved and discredited that the verdict of the jury, based upon an acceptance of it, could not have been arrived at reasonably.

There is no error.