LORENZO FURCOLO, ADMINISTRATOR, *vs.* THE AUTO RENTAL COMPANY, INC.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 31st, 1929—decided January 15th, 1930.

*Charles S. Hamilton,* with whom was *Edward S. Snyder,* for the appellant (plaintiff).

*Samuel E. Hoyt* and *George J. Grady,* for the appellee (defendant).

BANKS, J.  The complaint alleged that the defendant rented an automobile to one Augustine, who invited plaintiff's intestate to ride in it as his guest, and that the latter, while such guest, was killed as a result of the heedless and reckless operation of the car by Augustine.  The action was brought under the statute (Public Acts of 1925, Chap. 195, § 21) which made any person who leased a motor vehicle to another responsible for damage to persons or property caused by the operation of the motor vehicle while so leased, which we have construed as imposing liability only in case of the tortious operation of the rented car (*Levy* v. *Daniels' U-Drive Auto Renting Co., Inc.,* 108 Conn. 333, 143 Atl. 163) and which has since been amended so as to limit the liability to such as would have been incurred by the operator if he had also been the owner.  Public Acts of 1929, Chap. 256.  It is conceded by the defendant that the car at the time of

the accident was being operated recklessly, but it claimed that the car was then being operated, not by Augustine, but by plaintiff's intestate. Plaintiff appeals from the denial of his motion to set aside the verdict in favor of the defendant. He claims that there was no credible evidence in support of the defendant's contention that the car at the time of the accident was being operated by Furcolo. Both Furcolo and Augustine were so severely injured in the accident that they died a few days thereafter. The father and mother of the Furcolo boy testified that they visited him while he was in the hospital, and that he told them that Augustine was driving the car at the time of the accident. Augustine's mother testified that she went to the hospital to visit her son, and at that time talked with Furcolo, and that he told her that he was driving the car at the time of the accident. The plaintiff contends that this evidence of Mrs. Augustine cannot be considered as evidence of the fact that Furcolo was driving the car, but was admissible simply in contradiction of the testimony of the father and mother of the Furcolo boy as to what their son had told them. He relies upon the rule that contradictory or inconsistent statements made by a witness out of court are admitted solely for the purpose of impeaching his credibility, but in themselves have no probative value. *Branford Trust Co.* v. *Prudential Ins. Co.,* 102 Conn. 481, 129 Atl. 379. The situation was not one which called for the application of that rule. What the Furcolo boy said to anyone about the accident out of court was hearsay, and not admissible in evidence, except as the statute makes it so. General Statutes, § 5735. If the jury believed the evidence of Mr. and Mrs. Furcolo as to what their son told them, the situation was the same, under the statute, as though he had so testified in court. The same is true as to the testi-

mony of Mrs. Augustine with regard to what he told her. Her evidence was not offered to impeach the evidence of any witness in the case, but was evidence which the statute makes admissible in proof of the fact or facts stated to her by Furcolo. We have thus a situation where there was conflicting evidence as to who was driving the car at the time of the accident. The jury might reasonably have credited the evidence that Furcolo was the driver, in which case of course the administrator of his estate could not recover. The court did not err in refusing to set the verdict aside.

In his additional appeal the plaintiff predicates error upon the refusal of the court to charge the jury as requested by him, and upon the charge as given. The evidence establishes beyond question that the car was being operated at the time of the accident with reckless disregard of the rights of others and the defendant concedes this to be the fact. The only remaining question, and the one decisive of the case, was as to who was the driver of the car. The appeal does not question the correctness of any portion of the charge which dealt with this issue except the statement by the court that there was no claim that Furcolo was a passenger for hire, and that he was either the driver of the car or a guest of the driver, which was clearly correct. In so far as the requests to charge contained correct statements of law which it was the duty of the court to give to the jury, they were sufficiently covered by the charge as given. The complaint alleged that plaintiff's intestate was being transported as the guest of Augustine, the alleged driver of the car, and that his death was caused "by the heedlessness of the said Daniel Augustine, and by his reckless disregard of the rights of others." Our so-called guest statute exempts the owner or operator of a motor vehicle from liability to one being transported as his guest in case of acci-

dent, "unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." The only criticism of the charge pursued upon the argument was that the court erred in charging that the plaintiff must show that the driver of the car "has been guilty of some conduct so that the accident can be said to have been intentional on the part of the driver, or caused by his heedlessness or his reckless disregard of the rights of others." This clause in the charge was substantially in the language of the statute, but the contention of the plaintiff is that though the statute excepts from its operation a situation where the accident itself is intentional, which is something of an anomaly, the jury should have been told that the test was whether the conduct which caused the accident was intentional and that liability would follow from intentional misconduct. This is almost the precise language in an earlier portion of the charge where the court, having read the statute to the jury, undertook to expound it and stated the conditions which must exist to create liability under it. The court said: "But this statute which I have read shows that there must be one of three [obviously a misprint for two] conditions in order to create the liability which is spoken of. First, in order to create liability, the act or misconduct of the operator or owner of the car must have been intentional. . . . This, then, is the test which must be applied to the conduct of this operator of the car, if the plaintiff is to recover under the statute. It is not for the jury to satisfy themselves that the driver of the car was merely negligent in the ordinary sense of the word and failed to exercise that degree of care which would be exercised by an ordinarily prudent person, but they must go further and must show that the conduct of the driver was that

which is described in the statute as intentional on the part of the operator, or caused by his heedlessness or his reckless disregard of the rights of others." The court thus made it clear to the jury that the accident could be said to be intentional within the meaning of the statute when it was caused by the intentional misconduct of the owner or operator of the car. This was in accord with our construction of the statute. *Silver* v. *Silver,* 108 Conn. 371, 376, 143 Atl. 240; *Bordonaro* v. *Senk,* 109 Conn. 428, 431, 147 Atl. 136. The sentence of the charge to which the plaintiff takes exception used the exact language of the statute which the court had correctly interpreted and explained to the jury and must have been understood by the jury in the light of that explanation. In no event, could the plaintiff have suffered prejudice from this portion of the charge. There could be no question that the car was being operated in reckless disregard of the rights of others and the jury's verdict must have been based upon a finding that it was being operated, not by Augustine, but by plaintiff's intestate. Furthermore, the plaintiff cannot well complain of this portion of the charge, since the complaint does not allege that the accident was caused by the intentional misconduct of the operator of the car. *Bordonaro* v. *Senk, supra,* p. 432.

Other portions of the charge not assigned among the reasons of appeal we do not consider.

There is no error.

In this opinion the other judges concurred.