JOHN NORBUTAS *vs.* JOHN W. BENDLER, ADMINISTRATOR (ESTATE OF JOSEPH JVANAUSKAS).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued April 5th—decided May 16th, 1933.

*William K. Lawlor,* for the appellant (plaintiff).

*Richardson Bronson,* for the appellee (defendant).

PER CURIAM. The plaintiff presented a claim to the defendant as administrator of the estate of Joseph Jvanauskas seeking payment of a note in the sum of $350 executed to him by the decedent and upon the disallowance of the claim brought this action. The sole issue at the trial was whether a check for $100 given by the decedent before his death to the plaintiff, and accepted and cashed by him, discharged the note or was merely a payment on account. The check,

made a part of the finding, bore upon its face the words "paid off note." They were placed upon it by a bookkeeper in the employment of the deceased at his direction, given to her in the Lithuanian language. He told her that the check paid the note in full and instructed her to write upon it that the note was paid off, using two words which were variously translated at the trial as meaning "paid bank note" or "paid off note" and which were not susceptible of interpretation as signifying "paid on account of note." The finding contains a statement that the payment of $100 evidenced by the check was the only evidence offered that the note was paid in full, but this overlooks the fact that the decedent's declaration to his bookkeeper that the check paid the note in full was evidence of that fact. General Statutes, § 5608; *Mulcahy* v. *Mulcahy*, 84 Conn. 659, 662, 81 Atl. 242. The trial court concluded that the payment discharged the note, the facts it has found support that conclusion and no correction in or addition to them can be made which would be of advantage to the plaintiff. The plaintiff on the trial objected to the testimony of the bookkeeper as to the words she wrote upon the face of the check, upon the ground that the pleadings did not raise the issue of payment, but the trial court admitted the evidence upon the promise of the defendant's attorney to file an amendment to the answer and that amendment was filed; it contained an allegation that the defendant's intestate had paid the balance due upon the note by the check; this accorded with the defendant's proof and was adequate to support the conclusion of the trial court.

There is no error.