MARVIN FEIR *v.* TOWN AND CITY OF HARTFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued June 8—decided July 13, 1954

*Valentine J. Sacco,* with whom were *Frank D. Gorman* and, on the brief, *Jacob Dunn,* for the appellant (plaintiff).

*DeLancey Pelgrift,* with whom, on the brief, was *Robert E. Cohn,* for the appellee (defendant Dobin).

WYNNE, J. The plaintiff brought this action to recover damages for personal injuries alleged to have been caused by a fall on premises at 12 Kilbourn Street in the city of Hartford. Three defendants were named in the writ—the town and city of Hartford, Concetta Rafala, who was the owner of the premises where the fall occurred, and Myer Dobin, who conducted a wholesale fruit and vegetable business on them. The case was tried to the jury but was submitted only as against Dobin, as the defendant in sole charge of the premises. The defendant Rafala was dropped in writing a few days after the jury returned their verdict, and the plaintiff's brief indicates that the town and city of Hartford was also dropped as party defendant on the plaintiff's motion, although this was not followed by a formal withdrawal. The action, however, continued against the defendant Dobin, and a verdict against him was returned by the jury. This was set aside by the court, and it is from this decision that the

plaintiff has appealed, assigning as error that the verdict is supported by the evidence.

There follows a brief summary of facts which the appendix filed shows the jury could have found: The defendant had conducted a wholesale fruit and vegetable business at the premises in question from 1946 up to, and including May 10, 1949, the date of plaintiff's fall. He maintained a ramp in front of his place of business to afford entrance and egress to and from his store. The ramp had been constructed by one of his men, was movable, not being attached permanently to the concrete step at the sidewalk entrance to his doorway, and had been in use daily six days a week from a year to a year and a half prior to the date of plaintiff's accident. In the conduct of his business, the defendant purchased broken crates of salvaged merchandise, and on every day of business all kinds of merchandise were piled on the sidewalk and entrance outside his store. There was a recessed concrete step at the doorway, and the ramp extended from the top of the step to the sidewalk. It was forty inches long and thirty-six inches wide and was constructed of wooden planks held together by a cross brace. On the surface of the ramp were wooden cleats to facilitate the movement of store trucks or dollies up and down it. The cleats were about two inches wide and one inch in height. The ramp was worn, and a triangular piece of the second plank in from what was the outer west corner was broken away and missing. On the date in question, the plaintiff entered defendant's store, walking up the ramp, and purchased two flats of tomatoes. As he walked out with the tomatoes under his left arm, he stubbed his left toe against the top cleat of the ramp, his right foot slid all the way down the ramp and he fell back on his left knee, which

was stuck on the cleat. At the time of the accident it was a drizzly morning. On the ramp were lettuce leaves. The plaintiff sustained serious injuries as a result of the fall and has been partially incapacitated as a result.

The motion to set aside the verdict was predicated upon the claim that it was contrary to law and against the evidence. The court's memorandum indicates that the verdict was set aside because the plaintiff's conduct was negligent as a matter of law. This conclusion was based on two Connecticut cases. *Seabridge* v. *Poli,* 98 Conn. 297, 119 A. 214, and *Farkas* v. *Halliwell,* 136 Conn. 440, 72 A.2d 648. The first of these dealt with a large weighing scale and the other with a cow, each of which was in plain view and would have been very obvious to the most casual observer. Ordinarily a conclusion of negligence or of freedom from it is one of fact. *Farkas* v. *Halliwell,* supra, 445.

For the plaintiff's conduct to constitute contributory negligence as a matter of law, it must appear as a matter of law not only that no reasonably prudent person would have failed to observe the defect but also that no reasonably prudent person would have failed to appreciate that risk or danger might result from the use of the ramp in its defective condition. *Corrievau* v. *Associated Realty Corporation,* 122 Conn. 253, 258, 188 A. 436, and cases cited. Under the circumstances of this case, it was for the jury to say whether a reasonably prudent person in the plaintiff's place, observing, as the trial court held the plaintiff should have, that there was a cleat at the point where he put his foot, would also have appreciated that the existence of the cleat there would be a source of danger to him.

The court's action in setting aside the verdict must be tested by the evidence most favorable to the plaintiff. *Sanderson* v. *Bob's Coaster Corporation,* 133 Conn. 677, 678, 54 A.2d 270; Maltbie, Conn. App. Proc., § 114(c), p. 152.

The jury reasonably could have found the facts in this case in accordance with the summary given at the outset of this opinion. The wet condition of the ramp, the presence of lettuce leaves on it, and the notch were all factors which they might have found contributed to the plaintiff's fall and consequent injury. It was for the jury to say whether the defendant, in permitting those conditions to exist, failed to exercise reasonable care to keep his premises reasonably safe.

The defendant owed the plaintiff the duty of exercising reasonable care to keep in a reasonably safe condition the part of his premises which he might reasonably have anticipated the plaintiff would use. *Markee* v. *Turner,* 140 Conn. 701, 704, 103 A.2d 533. The jury in this case could reasonably have found that this anticipation embraced the plaintiff's use of the ramp. The complaint set forth specifications of negligence that might well have entered into the plaintiff's fall without reference to whether or not he stubbed his toe. The verdict of a jury should stand if they could reasonably have reached their conclusion.

There is error, and the case is remanded with direction to render judgment on the verdict.

In this opinion INGLIS, C. J., and DALY, J., concurred.

O'SULLIVAN, J. (concurring). Although concurring in the result, I am unable to agree in the opinion because of certain statements embodied therein

which, it seems to me, are not warranted by the record.

BALDWIN, J. (dissenting). In passing upon a motion to set aside a verdict, the trial court exercises a judicial discretion inherent in and necessary to a trial to a jury. *Cables* v. *Bristol Water Co.,* 86 Conn. 223, 225, 84 A. 928; *Howe* v. *Raymond,* 74 Conn. 68, 71, 49 A. 854. In an appeal from that ruling, this court reviews the action of the trial court to determine whether its discretion was abused. *Joanis* v. *Engstrom,* 135 Conn. 248, 251, 63 A.2d 151; *Brower* v. *Perkins,* 135 Conn. 675, 681, 68 A.2d 146. It is to be remembered that the trial court saw and heard the witnesses and has a better opportunity of evaluating all the testimony than the appellate court. In considering the action of the trial court upon the record, we must accord every presumption in favor of its correctness. *Joanis* v. *Engstrom,* supra, 253. While there was evidence that some portions of the ramp were worn and defective, the plaintiff's own testimony was that he fell because his "left toe stubbed against the top crossbar of [the] ramp." There was no evidence that this portion of the ramp was defective or that the defendant had any notice that it had any dangerous propensities. It was the usual type of ramp used to wheel crates and boxes from the sidewalk into a wholesale produce store. It had been in place for more than a year. Its purpose, construction and condition must have been obvious to the plaintiff, who had been to the store many times. There was evidence that there were some lettuce leaves on the ramp, but the plaintiff must have observed them when he entered the store. The jury could not have concluded otherwise than that he failed to exercise due care. *Farkas* v. *Halliwell,* 136

Conn. 440, 445, 72 A.2d 648; *Seabridge* v. *Poli,* 98 Conn. 297, 304, 119 A. 214. Furthermore, there was no evidence from which the jury could have found that the defendant knew there were lettuce leaves on the ramp or that they had been there a sufficient length of time to have charged him with such knowledge. *Edwards* v. *F. W. Woolworth Co.,* 129 Conn. 245, 27 A.2d 163. I cannot say that the trial court's discretion was abused in this case.