[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an action for damages arising from an alleged slanderous statement made by the defendant's decedent. The defendant seeks to dismiss this action based on three grounds: 1) This cause of action does not survive against the estate; 2) the plaintiff failed to submit his claim to the administrator within the appropriate time period; and 3) the service of process against the defendant, Thomas Hylwa, was insufficient.
The defendant claims that the plaintiff failed to submit his claim to the administratrix of the estate within the appropriate time period and therefore, the plaintiff's claim is extinguished under § 45a-395. However, the requirement does not pertain to tort claims. See § 45a-402(d). The court will first deal with the second and third claims of the defendant. The plaintiff is not obligated to present its claim with the fiduciary under § 45a-395 of the Connecticut General Statutes, since this requirement does not pertain to tort claims. See § 45a-402(d). Because this is an action against the estate of Thomas Hylwa, there is no requirement that Thomas Hylwa be served with process. Since Thomas Hylwa was already deceased at the time this action was instituted, this claim was made against the fiduciary, Annette Hylwa, Administratrix of his estate.
The defendant's main argument in support of his motion to dismiss is that this case deals with the exception to § 52-579, which permits the survival of actions against fiduciaries of the CT Page 5743 estate. The defendant argues that this claim for alleged slander does not survive the death of the declarant since § 52-599(c)(2) excludes any "civil action or proceeding whose prosecution or defence depends upon the continued existence of the persons who are plaintiffs or defendants". However, Section 52-172 of the Connecticut General Statutes permits declarations of deceased persons to be received into evidence. The declaration is evidence of the facts stated . . . but the weight is ordinarily for the jury. Joanis v. Engstrom,135 Conn. 248, 251, 63 A.2d 151 (1948). Testimony of those who heard the alleged statements is admissible. The defendant next argues that the decedent's survival is necessary, since under § 52-237 of the Connecticut General Statutes, the decedent now is incapable of retracting the statements alleged. Section 52-237
relates to libel. This is a case sounding in slander. The provisions of § 52-237 have no application here. For all the reasons stated above, the defendant's motion to dismiss is denied.
/s/ Pellegrino, J. PELLEGRINO