[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE THE VERDICT
In this case the plaintiff brought suit against the defendant cab company and Mr. Filo who was employed by the company. The plaintiff said that she approached an intersection in Meriden and, while doing so, had a green light in her favor. Two eyewitnesses to the accident also testified that as the plaintiff entered the intersection she had a green light. It was undisputed that a collision occurred in the intersection between the plaintiff's vehicle and a vehicle driven by the defendant Filo. The eyewitnesses did not know any of the parties. Both testified that the plaintiff had the green light while entering the intersection as noted but one of the witnesses said when he first saw the plaintiff's car it was stopped for a red light and she only proceeded into the intersection after the light turned green. The plaintiff and the other eyewitness contradicted this testimony since both testified the plaintiff had a green light as she approached the intersection and went into the intersection with that light.
Mr. Filo testified that the light was green in his favor. He also testified that there was a blue panel truck entering the intersection and waved him on. No other witness testified seeing blue panel truck.
There was no physical evidence such as the location of the cars after the accident to substantiate the claim of either party as to who had the green light in their favor.
The plaintiff exited her car after the accident. The police responded to the accident scene and the plaintiff refused an ambulance. She then walked from the intersection to get her husband and went home. She said she felt pain in her finger and knee after the accident but when she went home she felt burning and throbbing in her mid-back and neck. She then went to the emergency room of a hospital. After that, the plaintiff sought treatment from a variety of medical personnel. After the accident and before going home the tow truck operator, who CT Page 5370-LLL removed her vehicle, recommended a chiropractor to the plaintiff. The plaintiff presented medical reports and had an orthopedic surgeon, Dr. Dudek, testify in her behalf. The defendants introduced no medical reports or expert testimony at the time of trial. Dr. Dudek testified for the plaintiff and gave her a disability rating but said there was no objective symptoms or tests to corroborate the plaintiff's various claims of injury. He relied on the subjective complaints of the plaintiff and at trial the plaintiff testified as to her pain, its location and character and the consequences of the accident on her physical and emotional well-being.
The jury returned a verdict for the defendants. No interrogatories were submitted to the jury nor did either counsel submit any to the court before the charge. There was no request to poll the jury and the jury was not polled.
On the issue of liability, the case then turned solely on the issue of credibility. The credibility of witnesses is usually said to be the sole province of the jury to decide. Certainly if the testimony of all the witnesses had been reduced to affidavit form or presented to the court in the form of a deposition summary judgment would not be a remedy the plaintiff could expect to receive. The point is the jury on the issue of liability might have chosen to believe Filo and might have rejected the testimony of all the other witnesses. There is no physical evidence that dictates a contrary result. The fact that the court at trial had an opportunity to view the witness' demeanor or appearance should not, barring the most unusual circumstances not present here, permit a trial court to set aside a verdict for the defendant when it would not have granted a motion for summary judgment for the plaintiff. If the verdict was set aside here the matter would have to be put on the trial list again. Certainly at that juncture if the plaintiff filed a motion for summary judgment and submitted the trial transcript it would still raise a disputed issue of material fact that would have to be decided by a jury. The court here could not have directed a verdict for the plaintiff on the state of this record so granting the motion to set aside the verdict would presumably have to be part of a process that went on until the plaintiff had a trial where she received a verdict in her favor on liability.
There are a few cases cited by the plaintiff which suggest the trial court has the power to set aside a verdict even when the credibility of witness is the deciding factor. But these CT Page 5370-MMM cases must be read carefully. In Howe v. Raymond, 74 Conn. 68, (1901), the court upheld the trial judge's decision to set aside the verdict in favor of a plaintiff. Seven witnesses testified against the plaintiff but the court said: "All the facts and the surrounding circumstances are consistent with their testimony and inconsistent with the story of the plaintiff." Id. At 73. The court referred to some surrounding circumstances which apparently made the plaintiff's story not credible. (Pp. 72-73). The case before the court is a relatively simple intersection accident with conflicting testimony as to who had the green light. There are no "surrounding circumstances" that suggest to the court that Filo's testimony is not to be believed; the demeanor of the witnesses was not such that the court can say one side was believable and the other not. In Roma v. Thames RiverSpecialties, Co., 90 Conn. 18, 20 (1915), the trial court set aside a verdict in the plaintiff's favor and the Supreme Court upheld this. The court said, as to the manner in which the injuries were said to have occurred, eyewitnesses who were uninterested contradicted the plaintiff but the court also said "that the laws of mechanics, as testified to and uncontradicted, tended to prove [the plaintiff's] story impossible." Also, there had been an earlier trial and the court noted the plaintiff there gave "an account of the affair radically different from what was presented at the trial being reviewed by the court."
In Mylnar v. Merriman Sons, Inc. 114 Conn. 647, 650
(1932), the court reversed a judgment in favor of the plaintiff in a case where witnesses gave conflicting accounts of how an accident occurred. But the court noted that the positions of the vehicles after the accident and said: "This renders incredible the plaintiff's testimony" that the defendant's truck cut in front of him. In Joanis v. Engstrom, 135 Conn. 248 (1948), the court set aside a verdict in favor of the plaintiff in a negligence action. The problem there was that the plaintiff's case rested on the statement of the decedent introduced as a statement by a deceased person in behalf of his estate. His statement was contradicted by all the surviving witnesses. At the time the statement was made the decedent was so severely injured he died a few days later. Id. P. 252. Also there was no evidence of a collision in a lane of traffic where one would expect such evidence if the decedent's testimony were to be believed. The court expressed reservations about "relying too heavily on such statements" of decedents. (P. 252). InPappaceno v. Picknelly, 135 Conn. 660 (1935), the court held that the trial court erred in not setting a verdict aside that was in favor of the defendants. The court explicitly concluded a CT Page 5370-NNN question of fact was not presented because the defendant bus driver testified his brakes were bad and: "no other conclusion was reasonablely possible than that the negligence in operating the bus with defective brakes was the reason its driver proceeded as he did, and that this negligence was a substantial factor in causing the fright of the plaintiff and the injuries she suffered." Id. p. 664.
None of the factors mentioned in these cases exist here. No physical evidence supports or contradicts the story of either side, no contradictory testimony at a former hearing or deposition was presented. Counsel for the plaintiff tried to make something out of the fact that if the blue panel truck Filo testified he saw was where he said it was, the collision and later location of the vehicles could not be explained but the argument, though well made, was not by any means entirely convincing or so conclusive it had to be accepted by any right-thinking jury.
The court will not set aside the verdict on the ground that this jury could not have fairly concluded that the defendant was not liable. Basically, it was an issue of credibility for the jury.
Another point must also be made. For all the court knows the jury could have concluded either that none of the plaintiff's injuries were caused by this accident or, put another way, that she suffered no injuries as a result of the accident. She did not request medical attention at the scene. She walked from the scene to meet her husband. She received a recommendation from a garage operator concerning a chiropractor. She went to the hospital only after going home and none of her complaints could be objectively verified by her own testifying doctor.
All of his does not mean the court if it were the trier of fact would have reached the same result as the jury on liability or injuries and their proximate cause. All the court means to say is that there were issues of fact here for a jury to resolve and the evidence was not so overwhelming in the plaintiff's behavior that this court can in effect take an action that would negate the defendants' right to a jury trial.
The motion to set aside the verdict is denied.
Corradino, J. CT Page 5370-OOO