[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Murteza Shira, brings this action against the defendants, Matthew Rubin and Intercontinental Holding Company, Inc., doing business as Adam's Super Food Stores (Adam's), to recover damages for injuries allegedly sustained as a result of a fall on property located at 1173 Main Street, Watertown, Connecticut. The plaintiff's claims are based upon the allegation that Rubin, as lessor, and Adam's, as lessee, controlled the premises where the alleged fall occurred. The plaintiff alleges in her complaint that she parked her car in the parking lot of Adam's Supermarket on January 17, 1999. The plaintiff then exited her vehicle and slipped on the accumulated ice and snow. As a result of the fall, the plaintiff sustained a variety of injuries.
Adam's now moves for summary judgment. In support of its motion, Adam's filed an affidavit and supporting documentation. The plaintiff timely filed a memorandum of law in opposition with attachments.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in a light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co.,248 Conn. 195, 201, 727 A.2d 700 (1999). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corporation, 205 Conn. 572,574, 534 A.2d 1172 (1987).
Adam's argues that it owed no duty to the plaintiff because it was not CT Page 6974 in possession or control of the parking lot at the time of the alleged fall. Adam's further contends that the lease agreement between Rubin and Adam's unambiguously states that Rubin was responsible for maintaining the parking lot. Finally, Adam's argues that it did not exercise control over the parking lot at any time relevant to the present matter.
The plaintiff responds that summary judgment should be denied because genuine issues of fact exist. The plaintiff first contends that the lease afforded Adam's with a right to contact Rubin and require him to clear the parking lot of ice and snow. The plaintiff asserts that this contractual right placed Adam's in control of the parking lot, at least enough to raise a genuine issue of material fact. The plaintiff also argues that Adam's owed a duty to the plaintiff because Adam's is a proprietor who has extended an invitation to the public to shop at the store. Finally, the plaintiff asserts that these issues are not appropriate for summary judgment.
"[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v.Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). "It is the possession of land that imposes the liability for injuries, rather [than] the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.) Charest v. Burger King Corporation, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 91 395749 (March 3, 1993, Aurigemma, J.) (8 C.S.C.R. 369, 370). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.) Panaroni v.Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969).
"Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue. . . . Responsibility for the proper care over portions of the premises within the leased area may rest with the lessor if, with the acquiescence of the lessee, he retains control, and an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises. (Citation omitted.) Panaroni v.Johnson, supra, 158 Conn. 98.
"A lease is a contract . . . and its construction presents a question CT Page 6975 of law for the court." (Citations omitted.) Robinson v. Weitz,171 Conn. 545, 551, 370 A.2d 1066 (1976). "[U]nder the common law, landlords have a duty to use reasonable care to maintain in a reasonably safe condition those areas of their premises over which they exercise control." Gore v. People's Savings Bank, 235 Conn. 360, 373, 665 A.2d 1341
(1995). "Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control." Charest v. Burger King Corp., supra, 8 C.S.C.R. 370.
Paragraph 31 of the lease agreement provides that "[t]he Lessor further agrees: to maintain . . . [the] parking areas in the entire premises . . . and to keep free of snow, ice and debris the . . . parking areas in the entire premises." The provision further provides that "in the event [the lessor] shall not properly clear the snow or ice from the said . . . parking areas on the entire premises within twelve (12) hours after a snow fall or after the accumulation of an ice condition that the Lessee shall consider hazardous . . . the Lessee shall have the right, but shall not be required, to do so and to charge the cost thereof to the Lessor. . . ." (Motion for Summary Judgment, Exhibit C, p. 8.)
The lease clearly places control of the parking lot with Rubin. The plaintiff argues, however, that Adam's right to assume control, in and of itself, raises a question of fact. Where there is no evidence of the actual assumption of control, the language of the lease alone does not create a genuine issue of material fact. Charest v. Burger King Corp., supra, 8 C.S.C.R. 370. Since the plaintiff has not proffered any evidence that Adam's exercised actual control of the parking lot, the provision affording Adam's the right to assume responsibility for the parking lot does not create an issue of fact sufficient to withstand summary judgment.
The plaintiff also argues that Adam's owed the plaintiff a duty as a "shopkeeper" to keep the premises reasonably safe. The plaintiff first relies upon Feir v. Hartford, 141 Conn. 459, 106 A.2d 723 (1954), wherein the plaintiff brought suit against the defendant, a proprietor who conducted a wholesale fruit and vegetable business. The court found that the defendant was in "sole charge of the premises" and, therefore, owed the plaintiff a duty to keep the premises in a reasonably safe condition. Feir v. Hartford, supra, 141 Conn. 460, 463.
Similarly, in Hall v. Great Atlantic Pacific Tea Co. of America,115 Conn. 698, 160 A.2d 302 (1932), the plaintiff slipped and fell on the floor of the defendant's grocery store. The jury determined that the defendant controlled the premises and owed a duty to the plaintiff to keep the floor in a reasonably safe condition. Id., 698-99. The court affirmed the jury's verdict. Id., 699. CT Page 6976
It is worth repeating that control dictates liability for an injury sustained on a defective premises. Mack v. Clinch, supra, 166 Conn. 296. The cases cited by the plaintiff do not obligate a proprietor, or a "shopkeeper," to maintain an area that is not within the proprietor's actual or contractual control. Rather, the two cases illustrate the nature of the duty owed by a proprietor to its customers regarding any portion of the premises under its control. Once control is established, then it is incumbent upon the proprietor to maintain that area in a reasonably safe condition. The plaintiff failed to establish Adam's control in the present case. The court finds that Adam's status as a proprietor does not trigger a duty to maintain the parking lot.[1]
Finally, the plaintiff argues that the abovementioned issues are inappropriate for summary judgment. Although it is true that "issues of negligence, intent and motive are generally ill-suited for summary judgment, the plaintiff must present a factual predicate for [her] argument in order to raise a genuine issue of fact." (Internal quotation marks omitted.) D'Errico v. Stop Shop Co., Superior Court, judicial district of New Haven, Docket No. CV 95 0368612 (November 10, 1997,Zoarski, JTR.). It is clear that Adam's did not owe the plaintiff a duty to maintain the parking lot in a reasonably safe condition. The plaintiff did not set forth any other facts that would create a genuine issue of material fact. The motion for summary judgment is granted.
WOLVEN, J.