JOSEPH S. C. ROWLAND *vs.* THE PHILADELPHIA, WIL-
MINGTON & BALTIMORE RAILROAD COMPANY.

Hartford Dist., Oct, T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE,
FENN and BALDWIN, Js.

It is provided by Gen. Statutes, § 1094, that "in actions by or against the
representatives of deceased persons, the entries, memoranda and dec-
larations of the deceased, relevant to the matter in issue, may be re-
ceived as evidence." Held that where a suit was brought and the
plaintiff died during its pendency and his executor entered, the case
became one of an action by a representative of a deceased person, and
that a written memorandum as to the matter in suit left by the plaint-
iff was admissible in evidence. And that it made no difference that
the defendant had been defaulted and the case stood on a hearing in
damages.

But where the plaintiff during his lifetime had given his deposition cover-
ing the entire case, which had been introduced by his representative's
counsel upon the hearing, it was held that the written memorandum
left by the plaintiff could not be admitted in addition.

And held that a statement made by the deceased to a physician, as to an
internal injury received in a railroad collision, which was the subject
of the suit, the injury then being healed, and the statement being
made six months after the injury and not with reference to treatment
by the physician, was not admissible for the same reason, nor admis-
sible under the general rules of evidence.

[Argued October 5th—decided November 7th, 1893.]

ACTION for personal injuries received by the plaintiff while
a passenger on the defendant's railroad, in consequence of a
collision of cars; brought to the Superior Court in Hartford
County and heard in damages, after a default, before *Robin-
son, J.* Pending the suit, and before the hearing, but after
the default, the plaintiff died, and the executor of his will
entered to prosecute. Judgment was recovered for $5,000
damages, from which this appeal was taken by the defend-
ant on account of certain rulings as to the admission of evi
dence, which are stated in the opinion.

*E. D. Robbins,* for the appellant.

*H. C. Robinson,* for the appellee.

BALDWIN, J.    The injuries for which this action was brought were received by means of a railroad accident, which happened April 9th, 1892.   On May 9th the plaintiff, who was a physician, made and signed, for the use of his counsel, a written statement of the nature and causes of the accident and the character of his injuries.   He prepared it to enable them to present a proper claim for compensation to the defendant.   On October 4th the suit was brought, and on October 8th he consulted a physician, Dr. Curtis of Hartford, professionally.

After the defendant had suffered a default the plaintiff's deposition was taken for use in evidence, and a few weeks later he died.   The executor of his will entered to prosecute, and, upon the hearing in damages offered the deposition in evidence.   After it had been introduced he offered the statement of May 9th.   The defendant objected to its admission because the plaintiff had given his deposition in the cause, and also because it was " evidently prepared for the purposes of a claim for the injuries of Dr. Rowland," but the objection was overruled and the paper admitted.

This memorandum, among other things, stated that by the collision of the train in which the plaintiff was with the wreck of another train, he was thrown against the arm of a seat, suffered a " nervous shock " and " broke two of my ribs in the left side, which at my age (61) is a very serious matter," and that his " disabilities from said injuries are permanent."

Gen. Statutes, § 1094, provides that " in actions by or against the representatives of deceased persons, the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence."   This statute, so far as it applies to written statements, was passed two years after the act of 1848, by which parties and interested witnesses were allowed to testify in any cause.   That act had been found to give " living parties a very great advantage over representatives of the dead," and to obviate this

evil the statute in question was enacted. *Bissell* v. *Beckwith,* 32 Conn., 516.

The present suit, at the time of the hearing in damages, was an action by the representative of a deceased person, and although it only became such after the interlocutory judgment of default, we think that it is fully within the reason and meaning of the statute. That the paper was prepared and given to counsel for the purpose of making a claim on the defendant constituted no valid objection to its admission. *Bissell* v. *Beckwith, (supra,)* 517. Whether those of its statements which set forth mere matters of opinion were admissible, it is unnecessary to inquire, since the only objections taken went to the paper as a whole. One of these objections, however, presents a novel and important question. It is that as the plaintiff by his deposition had already been a witness on the hearing, the statute did not apply, because the reason for its application in ordinary cases did not exist in this.

The act of 1848, by removing the common law disqualification of interest, brought two important witnesses, the plaintiff and defendant, into the trial of almost every suit. Two years of practice under its provisions convinced the legislature that when the accident of death had withdrawn one of these witnesses, the testimony of the other gave him, as a party, an undue advantage. The act of 1850 was intended to restore, so far as might be, the footing of equality between him and the representatives of the decedent which had existed at common law. It could not have been intended to discriminate against the surviving party. In cases where the testimony of the decedent is actually given, in ordinary course, whether by deposition, or, as might happen, should he die during the progress of the trial, by his oral examination in court, there would be a discrimination in favor of his representatives were they allowed to fortify his evidence by introducing any written entries or memoranda which he might have made, whether before or after he took the position of a witness. They could only be admissible if "relevant to the matter in issue," and all matters so relevant would

presumably be, and certainly should have been, covered by his deposition or oral testimony. The cardinal rule that " the best evidence of which the case in its nature is suscep-tible " must be produced, requires that " no evidence shall be received which is merely substitutionary in its nature, so long as the original evidence can be had." 1 Greenleaf on Evidence, § 82.

In the present case the plaintiff had given his testimony in the ordinary course of justice. He could not, had he lived, have supplemented it by proof of his own memo-randa relating to the same matters, made out of court and with-out the sanction of an oath or the test of cross-examination. In our opinion his representatives have no greater right. While we view the statute as embracing suits to which, at the time of trial, the representatives of a decedent are parties, although they may have become such by his death after the commencement of the action, it could never have been intended to allow them to make use, first of his deposition covering the entire case, and then of his unsworn statements in his own favor as to the same subject-matter.

Dr. Curtis was a witness for the executor on the trial, and testified to certain statements made to him by Dr. Rowland, in a professional consultation, shortly after the suit was brought, in regard to his symptoms and sufferings. In the course of his examination he was asked, with reference to the injuries received by Dr. Rowland—" Did he give any statement to you about the condition of his ribs ? " To this the answer was, " Yes, sir; he stated his ribs were broken at the time ; that they had healed." Objection was made to the reception of this testimony on the ground that it related to a narrative of a past occurrence, but the objection was overruled and an exception taken.

It does not appear from the record that Dr. Curtis was consulted with a view to medicial or surgical treatment, and it does appear that he was not consulted until six months after the plaintiff's injuries were received, and a few days after the suit was brought. If the plaintiff called on Dr.

Curtis in order to give such information as would enable him to testify as an expert at the trial, the testimony in question would be clearly inadmissible. *Darrigan* v. *New York & New England Railroad Co.*, 52 Conn., 285, 309. And if he consulted him with a view to obtaining medical treatment, the introduction of the plaintiff's statement as to the nature of an internal injury, received six months before, which had since been healed, would, in our opinion, have been no less objectionable. 1 Greenleaf on Evidence, § 102; *Lush* v. *McDaniel*, 13 Iredell (Law), 485.

The testimony was not offered or received under Gen. Statutes, § 1094, as the declaration of a decedent whose representatives were parties to the action, and we have not therefore, thus far, considered it in that light.

It is enough, with reference to that statute, to remark that the deposition of the plaintiff had already put the court in possession of his account of the cause and character of the injuries which he received. His oral declarations can certainly stand on no higher ground than his written memoranda, and for the reasons previously given, we think that the statute did not make the plaintiff's statements, given out of court and not under oath, as to the extent and nature of his injuries, evidence against the defendant.

The complaint, after stating the fact of the collision, alleged that the plaintiff was thereby " greatly and permanently injured in his constitution and nervous system, two of his ribs were broken, and he suffered a severe shock and consequent prostration, and he was in other respects greatly hurt and bruised." The default left the burden of proving substantial damages on the plaintiff, and he could prove them only as they were alleged. *Shepard* v. *New Haven & Northampton Co.*, 45 Conn., 54, 58. It was therefore important to show the fracture of his ribs. The memoranda and declarations in question, if admissible, tended to show this, and the error in admitting them was therefore material, notwithstanding it is found that the immediate cause of death was an aneurism of the aorta, produced by the violence of

the shock of the collision. If the shock was shown to be violent enough to break two of his ribs, it is the more probable that it was sufficient to produce the aneurism.

There is error in the judgment appealed from and a new trial is ordered.

In this opinion the other judges concurred.