GEORGE F. WALTER vs. ALBERT A. SPERRY.

Third Judicial District, Bridgeport, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, J.

The plaintiff delivered lumber upon hotel premises owned by the defendant's intestate but leased by him to a third person, and such lumber was used in constructing bath-houses thereon; and the main issue was whether the lumber was sold to the landlord, since deceased, or to his tenant. In support of his contention that the sale was made to the tenant, the defendant administrator offered in evidence a memorandum of his intestate showing items paid and unpaid by the tenant relating to the bath-houses, including, among the latter, "G. F. Walter, bill for lumber, $250." Upon objection this memorandum was excluded. *Held:*—

1. That it contained matters presumptively relevant to the controversy, and, under the provision of General Statutes, § 705, should have been admitted in evidence, together with declarations of the decedent respecting its items, if such declarations were required in order to explain them.

2. That the admissibility of the memorandum did not turn at all upon the time when it was written or made up, even though after suit brought; the only tests being whether it was made by the decedent and was relevant to the issue.

3. That it was not essential that the memorandum should contain facts to which the decedent, had he been living, could have testified.

4. That the objection that the memorandum contained only an expression of opinion rather than statements of fact, was not well taken.

Walter *v.* Sperry.

5. That the exclusion of the memorandum was not rendered harmless by permitting a witness to testify to the declarations of the decedent respecting the purchase and delivery of the lumber; and, moreover, the defendant was entitled to the benefit of the written word in support of, and in addition to, the decedent's oral declarations.

All relevant declarations and memoranda of a decedent are admissible in an action by or against his personal representative, no matter how many times the decedent may have detailed the transaction, in whole or in part, either orally or in writing.

As tending to prove that his intestate had not bought the lumber with which the bath-houses were built, the defendant offered in evidence a bill of sale of the bath-houses by the tenant to the decedent. *Held* that this evidence was relevant and material and should have been received in support of the defendant's contention. Evidence that the tenant bought some material for these bath-houses of another lumber dealer, was also important, since it tended to prove that he, and not the decedent landlord, had undertaken to build them and was liable for their cost.

It appeared from the testimony of the plaintiff that the decedent had asked him to submit figures for the bath-houses and had shown him a sketch of them. *Held* that the defendant should have been permitted to show that the sketch had been made at the request of the tenant.

An inquiry of the vendor as to whom he sold the goods, does not call for a mere conclusion; and even were it to be so held, the allowance of the question becomes harmless if the witness subsequently relates the entire transaction.

The plaintiff's driver who delivered the lumber and saw the tenant on the premises, was asked on cross-examination whether the tenant said anything about the lumber to him. *Held* that this inquiry was properly excluded since it did not appear to have been proper cross-examination, and, moreover, the plaintiff could not have been bound by a declaration of the tenant unconnected with any act or fact of his tenancy and made to one outside his agency.

The plaintiff's claim appeared to have been allowed with others against the bankrupt estate of the tenant. *Held* that such fact was not admissible against the plaintiff in the absence of any evidence that he had anything to do with its presentation or had attempted to profit therefrom.

A party offering in evidence a deposition should present it as a whole, in so far as it may be competent and relevant to the issues involved. If, however, parts only are offered in evidence by one party and admitted, the other has the right to introduce other parts which are relevant and competent.

Argued October 24th, 1912—decided January 31st, 1913.

ACTION to recover for goods sold and delivered, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $201, and appeal by the defendant. *Error and new trial ordered.*

*George E. Beers,* for the appellant. (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

WHEELER, J. The plaintiff brought his action against Albert A. Sperry, since deceased, to recover a balance for goods sold, and the action is continued against his administrator.

Rulings upon evidence comprise the chief assignments of error on the appeal.

The plaintiff, a grain and lumber dealer, delivered the lumber, being part of the goods sued for, upon certain premises used for hotel purposes and owned by the original defendant, Albert A. Sperry, and leased to one Morris, and the material so delivered was used in the erection upon the premises of some bath-houses.

The plaintiff claimed to have proved that these goods were ordered by the original defendant and delivered at his request, and were duly entered as charges against him on the books of the plaintiff.

The defendant claimed to have proved that his intestate leased the hotel premises to Morris for a fixed rental and his agreement to make, at his own expense, certain improvements in the property, including the instalment of a gas-plant and the construction and erection of new bath-houses upon the premises, and that he merely introduced Morris as a prospective customer to the plaintiff, and neither ordered, received, nor used this material.

1. The defendant offered a written statement (Exhibit 7, for identification) in the handwriting of the

original defendant, and it was excluded. It purported to contain items of expenditures made on said hotel, also items of bills paid by Morris on gas-plant and bath-houses, and also items of unpaid bills of Morris on bath-houses and gas-plant. Thereupon the defendant administrator, a son of the original defendant, was inquired of what his father had said about the items of lumber as they appeared on the second page of Exhibit 7. In excluding this offer, the court ruled that the witness might state anything said by his father in reference to his father's dealing with the plaintiff in regard to the purchase or ordering of the lumber. The witness was then permitted to testify that his father, while discussing the items on the exhibit, said he had had no dealings with the plaintiff. Thereupon the exhibit was again offered in evidence, and again excluded.

The paper was a memorandum made by a deceased; it contained matter presumptively relevant to the controversy. These are the conditions which, under General Statutes, § 705, make the entries and memoranda of a deceased evidence. If explanation were required to make its items clearer, the attempt to prove what the deceased said about the items of lumber would have supplied this. *Peck* v. *Pierce*, 63 Conn. 310, 312, 28 Atl. 524; *Setchel* v. *Keigwin*, 57 Conn. 473, 478, 18 Atl. 594. The plaintiff's claim, that this exhibit and the evidence offered supplementary to and explanatory of its items was irrelevant, is untenable. *Douglas* v. *Chapin*, 26 Conn. 76, 92. A further objection is that it does not appear when the exhibit was made up, perhaps after suit brought. Even so, it was admissible, no matter when made. The fact that the deceased made it, and that it is relevant, are the controlling tests. *Craft's Appeal*, 42 Conn. 146, 153; *Allen* v. *Hartford Life Ins. Co.*, 72 Conn. 693, 698, 45 Atl. 955. It is objected, too, that the exhibit must contain some

fact or facts to which the deceased, if living, could testify. There is no such limitation in the statute. Its object was to "enable the representatives of deceased persons to sustain just and defeat unjust claims affecting the estate." With this end in view, we, admitted the letters of a deceased woman to her counsel stating the facts of her case. *Bissell* v. *Beckwith*, 32 Conn. 509, 516, 517. The objection that the exhibit contains, at most, only an expression of opinion, fails to properly interpret its contents; its items are statements of fact and not opinion.

The claim that the exclusion of this evidence was harmless, because the witness was allowed to testify to all the father said concerning the purchase and delivery of the lumber, is based upon reasoning whose facts are faulty; and, in addition, the defendant was entitled to the benefit of the written word supplemented by appropriate explanation.

For similar reasons the court excluded the entries of the items in issue appearing upon a book of the deceased (Exhibit 9, for identification), and a paper (Exhibit 10, for identification) containing similar entries.

Evidence of this character was important to the defendant's case. No matter how many times a deceased may have detailed the whole or a part of a transaction on book, paper, or by word of mouth, all are admissible in an action by or against a personal or legal representative of a deceased person, when they are relevant to the matter in suit. In its rulings the trial court placed a narrow and technical construction upon § 705 of the General Statutes, in direct conflict with the broad and liberal construction upholding the legislative intent which we have announced in numerous decisions. *Rowland* v. *Philadelphia, W. & B. R. Co.*, 63 Conn. 415, 417, 28 Atl. 102.

2. In order to prove that the original defendant had

not ordered the lumber in suit with which the bath-houses were built, the defendant offered in evidence a bill of sale of the bath-houses, made by Morris to the original defendant. This evidence bore upon Morris' relation to the premises as tenant, and tended to prove the defendant's contention. It was neither irrelevant, immaterial, nor incompetent; nor can it be said to be *res inter alios*, since it tended to prove an act or fact in the course of the tenancy. This evidence became doubly admissible after proof had been offered that the consideration for the bill of sale was the accrued rental under the lease to Morris.

3. The defendant offered to prove that another lumber dealer furnished some of the material for the bath-houses, upon the order of Morris. Any conduct of Morris in procuring the material for, or causing the erection of, these bath-houses, upon his own credit, tended to prove the contention of the defendant that Morris ordered and built them, and was admissible as an act in relation to the subject-matter of the suit. Proof that a tenant ordered or constructed improvements upon the premises he leased, would tend to prove that the landord did not order or construct the improvements, and was not liable for their cost.

4. When testimony was offered by the plaintiff that the original defendant had asked him to submit figures for, and had shown him, in connection therewith, a sketch of, the bath-houses, the defendant should have been allowed to present evidence that the sketch had been made at the request of Morris.

5. The question asked of the plaintiff in chief: "Did you or not sell him [the original defendant] goods in 1907?" did not ask for a mere conclusion, as the defendant claims. If it could be so held, no harm was done through its admission, as the witness subsequently related the entire transaction,

6. The question asked on cross-examination of the driver of the plaintiff, who had testified that he had delivered the lumber in suit upon the hotel premises of the original defendant, and then saw Morris: "Did he say anything about the lumber to you?" was properly excluded. It does not appear to have been legitimate cross-examination; and, further, the plaintiff could not be bound by a declaration of Morris unconnected with any act or fact of his tenancy, and made to one outside his agency.

7. The fact that the claim in suit was allowed among the claims against the bankrupt estate of Morris, was not evidence against the plaintiff, since it did not appear that he had anything to do with listing the claim, or had attempted to profit thereby.

8. When the defendant introduced parts of a deposition taken in his behalf, the plaintiff was properly entitled to introduce other parts of the deposition which were relevant and competent evidence. The course taken by the defendant in culling out and offering parts of a deposition taken by him was wholly irregular. The party offering in evidence a deposition taken in his behalf, must present the entire deposition competent and pertinent to the issues involved. *Logan* v. *Mc-Ginnis*, 12 Pa. St. 27, 32; *Lanahan* v. *Lawton*, 50 N. J. Eq. 276, 283, 23 Atl. 476; *Kilbourne, Jenkins & Co.* v. *Jennings & Co.*, 40 Iowa, 473, 474; 13 Cyc. 983.

The other rulings on evidence, and the parts of the charge excepted to, furnish no sufficient ground for a new trial, and are not important enough to require discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except HALL, C. J., who concurred in the result, but died before the opinion was written.