ELSIE PLISKO, EXECUTRIX (ESTATE OF GEORGE A. KNAPP) *v.* RENA MORGAN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued May 3—decided July 5, 1961

*Theodore I. Koskoff,* with whom was *Robert R. Petrucelli,* for the appellant (plaintiff).

*William P. Simon,* with whom was *Charles A. Watrous,* for the appellees (defendants).

MURPHY, J. The plaintiff's decedent, George A. Knapp, aged seventy-two years, slipped and fell as he was ascending a flight of stairs used in common by the tenants of the first and second floors of a two-family house owned by the defendants. It was the plaintiff's claim that the fall was caused by the defective condition of the stairs and that the injuries aggravated a pre-existing physical ailment and thereby accelerated Knapp's death. The jury returned a verdict for the defendants, and the trial court refused to set it aside. The plaintiff, in her appeal, assigns error in two rulings on evidence and in the charge on contributory negligence.

The plaintiff offered in evidence a written statement which was signed by the decedent and related the circumstances of his fall. The statement had been given to an investigator. The court sustained the defendants' objection to one sentence in the statement, and that sentence was cut out before the statement was admitted in evidence. The sentence to which objection was made read, "If it had not been for the worn slippery nosing of the edge of the stair tread, I would not have hurt my leg." The reason given for the objection was that the sentence contained a conclusion which could not properly have been received in evidence if Knapp had been alive and able to testify. We need not and do not decide whether Knapp could properly have made such a statement on the witness stand, if he had been alive and able to testify, under the rule of cases such as *MacLaren* v. *Bishop,* 113 Conn. 312, 314, 155 A. 210, and *Stephanofsky* v. *Hill,* 136 Conn. 379, 382, 71 A.2d 560. The entire statement was ad-

missible, under General Statutes § 52-172, as a memorandum of a deceased person relevant to the matter in issue. The fact that the statement contains an opinion does not, under the circumstances of this case, make it inadmissible. The statute calls for a liberal interpretation and carries no limitation such as that claimed by the defendants' objection. *Walter* v. *Sperry*, 86 Conn. 474, 477, 85 A. 739; *Joanis* v. *Engstrom*, 135 Conn. 248, 251, 63 A.2d 151; *Graybill* v. *Plant*, 138 Conn. 397, 405, 85 A.2d 238.

Subsequent to the exclusion of the sentence, the investigator who had taken the statement was called to testify to what the decedent had told him about his fall. The investigator, after stating that the decedent had told him what caused him to fall, was asked what the decedent told him. The defendants objected to the question, and the court sustained the objection. This was error. The oral declarations of the deceased person were admissible under the same statute, § 52-172, as the written statement. Proceeding further, the investigator was asked, "What was it that caused him to fall?" The court permitted the investigator to answer the question in the absence of the jury and then excluded the answer. The question, as phrased, was objectionable because it called for a conclusion by the witness rather than for a declaration by the decedent, and the court properly excluded it.

The exception which was taken to the charge does not warrant discussion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.