DAVID S. LIPINSKY *vs.* MIDDLESEX SUPPLY, INC. April 3, 1967. Lipinsky obtained a verdict in this action to recover upon debentures issued by a corporation which later changed its name to that borne by the defendant (Supply). The crucial issue was whether Lipinsky's debentures had been paid by an uncle who died before the trial. Lipinsky questioned a receipt which he had signed on grounds which need not be stated. There was testimony that most of the debentures had been retired in 1958 by an issue of Supply's notes. One such note in (or $700 in excess of) the amount of his debentures was prepared for Lipinsky. Lipinsky's uncle saw the note and told Supply's attorney that Lipinsky's debentures had been paid. He placed in pencil a large X across the note and the notation "Pd" and said, "I paid him a long time ago." Others testified to similar declarations of the uncle. The trial judge admitted the oral testimony concerning the uncle's declarations, but, subject to Supply's only exception now argued, excluded the crossed out note. The note should have been admitted, if the judge made the necessary statutory preliminary findings, as a deceased person's declaration. G. L. c. 233, § 65 (as amended through St. 1943, c. 232, § 1). See *Old Colony Trust Co.* v. *Shaw*, 348 Mass. 212, 216–220. The confused, conflicting evidence summarized in the record shows the note to have been at most documentary corroboration of much oral testimony about the uncle's declarations. Its exclusion does not appear to have injuriously affected substantial rights. See G. L. c. 231, § 132; *Bendett* v. *Bendett*, 315 Mass. 59, 65–66; *Commonwealth* v. *Greenberg*, 339 Mass. 557, 586. Cf. *Walter* v. *Sperry*, 86 Conn. 474, 477–478.

*Exceptions overruled.*
*Harold Rosenwald* (*Robert H. Goldman* with him) for the defendant.
*Lee H. Kozol* (*Andrew F. Lane* with him) for the plaintiff.