ANGELO TARQUINIO *v.* CHRISTOPHER DIGLIO, ADMINISTRATOR (ESTATE OF NICHOLAS C. DIGLIO)

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued January 12—decision released May 2, 1978

*Angelo Tarquinio,* pro se, the appellant (plaintiff).

*William F. Gallagher,* with whom were *Robert F. Moran* and, on the brief, *Francis J. Moran,* for the appellee (defendant).

PER CURIAM. The plaintiff, Angelo Tarquinio, brought an action against the defendant, Nicholas C. Diglio,[1] to recover for damages sustained by Tarquinio when the vehicles operated by the two

---

[1] Nicholas Diglio died approximately four years after the accident which precipitated Tarquinio's suit; Christopher Diglio, as administrator of his estate, was substituted as defendant. References to "the defendant" in this opinion, however, are to the decedent Nicholas.

men collided at the intersection of route 34 and Chestnut Ridge Road in Orange. Judgment was rendered on a jury verdict for the defendant and the plaintiff has appealed.

Three claims of error are asserted by the plaintiff: (1) the admission into evidence of certain photographs of the scene taken by Diglio and his brother five to six hours after the accident; (2) the admission of "hearsay" testimony by the defendant's wife; and (3) the court's action in cautioning members of the jury not to visit the scene of the accident while the trial was in progress.

At the trial, photographs of the scene taken more than five hours after the accident were admitted over the plaintiff's objection that the defendant had failed to establish a proper foundation for their introduction. Photographs taken by the police immediately after the accident had already been introduced into evidence. The defendant's photographs were offered to show the presence and location of skid marks on the highway after the accident.

"A photograph offered to prove the appearance of . . . [something] which cannot itself be inspected by the jury must first be proved accurate. The accuracy sufficient for its admission is a preliminary question of fact to be determined by the trial judge. *Cunningham* v. *Fair Haven & Westville R. Co.*, 72 Conn. 244, 249, 43 A. 1047. 'Ordinarily . . . [a photograph] should be substantiated by testimony that it is a correct representation of the conditions it depicts, and in so far as it is properly so authenticated it becomes evidence of those conditions.' *Cagianello* v. *Hartford*, 135 Conn. 473, 475, 66 A.2d 83." *Waldron* v. *Raccio*, 166 Conn. 608, 615, 353 A.2d 770 (1974); see also annot., 9 A.L.R.2d 899; McCormick, Evidence (2d Ed.) § 214.

The mere presence of skid marks on a busy thoroughfare more than five hours after an accident is insufficient to create an inference that those marks were caused by the vehicles involved in the accident. Therefore, a photograph depicting such skid marks would be relevant to prove the appearance of the scene only if it could be demonstrated that those same marks were visible on the road immediately after the accident. Here, the photographs were authenticated by the deceased defendant's brother, Salvatore Diglio. Salvatore was able to verify that the photographs accurately depicted the condition of the road at approximately 3 o'clock in the afternoon, but he had no knowledge of what the road looked like at 9:45 a.m., immediately after the accident. Pursuant to General Statutes § 52-172,[2] Salvatore was permitted to testify as to his brother's remarks at the time the pictures were taken. There was no testimony, however, that the deceased defendant ever said or observed that the appearance of the road at the time the photographs were taken was the same as it had been following the accident. Under these circumstances it was error for the court to overrule the objections of counsel and to admit the photographs.

Although the trial court erred in admitting these photographs, a review of the exhibits reveals that

[2] "[General Statutes] Sec. 52-172. DECLARATIONS AND MEMORANDA OF DECEASED PERSONS. In actions by or against the representatives of deceased persons, and by or against the beneficiaries of any life or accident insurance policy insuring a person who is deceased at the time of the trial, the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence. In actions by or against the representatives of deceased persons, in which any trustee or receiver is an adverse party, the testimony of the deceased, relevant to the matter in issue, given at his examination, upon the application of such trustee or receiver, shall be received in evidence."

the skid marks which appear in the contested photographs also appear in one of the photographs taken by the police immediately after the accident. Because the police photographs had already been admitted into evidence, it is improbable that the plaintiff was adversely affected by the court's error. Therefore, the admission into evidence of the defendant's photographs constituted harmless error.

The other issues raised by the plaintiff warrant only brief mention. While it is true, as the plaintiff claims, that the defendant's wife was permitted to testify to statements about the accident made by her deceased husband, such hearsay testimony is admissible under General Statutes § 52-172. *Plisko* v. *Morgan*, 148 Conn. 510, 512, 172 A.2d 621 (1961). The court thus did not err in allowing such testimony.

The final claim, that it was error to caution the jury not to visit the scene of the accident, is similarly without merit. A trial court has broad discretion in determining whether to grant or to refuse a view. McCormick, Evidence (2d Ed.) § 216. The record before us does not indicate that either of the parties even requested a view. Under such circumstances it was proper for the court to caution the jurors against visiting the scene on their own.

There is no error.