[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The defendant filed a previous motion for summary judgment on November 1, 1999. The defendant argued that the plaintiff could not prove the essential elements of her claim, namely a breach of some duty by the defendant and its agents and employees, and that any such breach proximately caused the plaintiffs injuries. The defendant further argued that the plaintiff failed to file a Certificate of Good Faith under General Statutes § 52-190a, and failed to disclose expert witnesses against the defendant health care provider at any time.
The court acting by Blue, J. heard oral argument on the motion for summary judgment and denied the motion on April 4, 2000, holding as follows:
 "Although, as explained at argument, this is a close case, the court has determined, on reflection that specification 5(e) of the complaint states an allegation of common law negligence that need not be supported by testimony of an expert witness. And, although it is again a close case, the affidavits submitted by the plaintiff indicate that there is a triable issue of fact on this point."
The defendant argues that since the court denied said motion, additional discovery reveals there is no genuine issue of material fact in this case.
Additionally, the defendant argues that the ruling in Pender v.Matranga et al., 58 Conn. App. 19, 752 A.2d 77 (2000), holds tat the dead man's statute requires not only that the declarant be a representative of the decedent, but that the representative must sue or be sued in that representative capacity. Therefore, the affidavit of one of the affiants relied upon by the court when denying the previous motion of summary judgment is inadmissible evidence.
Finally, the defendant also argues that the recent decision in Trimelv. Lawrence and Memorial Hospital Rehabilitation Center, 61 Conn. App. 353,764 A.2d 203 (2001) requires the plaintiff to file a Certificate of Good Faith in accordance with General Statutes § 52-190a. CT Page 666
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics, Corp., 229 Conn. 99
(1994).
The plaintiff decedent Dominic Compone commenced this action for injuries he sustained on July 17, 1995, due to the alleged negligence of the defendant. The decedent's representative Marion Compone was subsequently substituted as plaintiff, when Dominic Compone died of causes unrelated to the injuries alleged in this action.
The decedent underwent triple bypass surgery on May 3, 1995. He commenced a cardiac rehabilitation therapy and exercise program at the defendant's facility approximately two months after his surgery. The plaintiff alleges that on July 17, 1995, the decedent fell and fractured his left hip as he was stepping off of a treadmill at the defendant's facility. The plaintiff claims that his fall was due to the negligence of the defendant's employees. Before his death on October 11, 1997 it is alleged that the decedent discussed the details of his fall with his wife Marion Compone the decedent's representative, as well as, his daughter Elena Poleski.
General Statutes § 52-172 states in part as follows:
 "In actions by or against the representative of deceased persons . . . the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence."
The statute calls for a liberal interpretation, and oral declarations of the deceased are admissible under this statute. Fisko v. Morgan,148 Conn. 510, 172 A.2d 621 (1961).
"The dead man's statute creates an exception to the hearsay rule." C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988) §§ 11.1-11.25. "Every utterance of a deceased person is not automatically entitled to CT Page 667 come into evidence solely because the speaker has died. Rosales v.Lupien, 50 Conn. App. 405, 407-408, 717 A.2d 821 (1998). "The deadman's statute requires not only that the declarant be a representative of a decedent, but that the action be by or against a representative of the deceased person. O'Brien v. Coburn, 46 Conn. App. 620, 632, 700 A.2d 81, cert. denied, 243 Conn. 938, 702 A.2d 644 (1997); Pender v. Matranga,58 Conn. App. 19, 28-29 (2000).
In issuing the ruling denying the first motion for summary judgment, the court had two affidavits from the plaintiff. One affidavit was from a daughter who is not the legal representative of the decedent's estate, and one affidavit is from a daughter, who has been appointed to be the legal representative of the estate. Even if the affidavit of one daughter is excluded, the affidavit of the executor daughter would be admissible. The court in denying the previous motion for summary judgment did not specify which affidavit it relied upon to support its denial of the motion. The court agrees with the plaintiff that the elimination of one and not the other is not dispositive of the issue. This court, therefore sees no reason to disturb the original ruling due to the holding inPender v. Matranga, 58 Conn. App. 19, 752 A.2d 77 (2000) as the defendant argues. The court at the time it issued its decision had the benefit ofO'Brien v. Coburn, 46 Conn. App. 620 (1997) when it issued its decision, which holds similar to Pender.
In its denial of the original motion for summary judgment, the court ruled that the filing of a Certificate of Good Faith pursuant to General[1] Statutes § 52-190a was not required based on the specifications of paragraph[2] 5(E) of the complaint which stated an allegation of common law negligence that "need not be supported by the testimony of an expert witness." The court has reviewed the holding in Trimel v. Laurence MemorialHospital Rehabilitation Center, 61 Conn. App. 353,764 A.2d 203 (2001) at the urging of the defendant.
The court agrees with the plaintiff that alighting from the treadmill was not a goal of the decedent's therapy. No assessments were made regarding the decedent's ability to remove himself from a treadmill. Whether or not alighting from a treadmill was an aspect of the decedent's therapy is a question of fact for the jury. The issues of causation is a question for the trier of fact. Abrahams v. Young and Rubicam, Inc.,240 Conn. 300, 307 (1997). "Issues of negligence are not ordinarily susceptible of summary judgment adjudication, but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446
(1984). "Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder TruckRental, Inc., 178 Conn. 371. 374 (1979). CT Page 668
Accordingly, the motion for summary judgment is hereby denied.
The Court
by ___________________
Arnold, J.