## VICTORIA DIENER *v.* FERNANDO TIAGO, JR.
### (AC 23309)

Foti, Schaller and Berdon, Js.

Argued September 22—officially released December 23, 2003

*Paul J. Ganim*, for the appellant (plaintiff).

*Jane G. Beddall*, with whom was *Terence A. Zemetis*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, Victoria Diener, appeals from the judgment of the trial court, rendered after the jury's verdict in favor of the defendant, Fernando Tiago, Jr. On appeal, the plaintiff claims that the court improperly denied her posttrial motion to set aside the verdict. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. The plaintiff commenced her action in November, 1997. The plaintiff alleged that

she sustained physical injuries on July 8, 1997, when the defendant negligently operated his motor vehicle, causing it to collide with the motor vehicle she was operating. The plaintiff alleged, specifically, that both she and the defendant were operating their motor vehicles in the single northbound lane of Madison Avenue in Bridgeport at or around 11:30 p.m. She further alleged that the defendant, who was traveling behind the plaintiff's vehicle, negligently and carelessly passed her vehicle while she was attempting to make a left turn, thereby causing his motor vehicle to strike the left side of her motor vehicle and causing her injuries. The defendant denied the plaintiff's allegations of negligence and raised a special defense of contributory negligence, which the plaintiff denied.

On January 18, 2002, the jury returned a verdict in favor of the defendant, which the court accepted. The court did not submit interrogatories to the jury and, after the jury returned a general verdict for the defendant, the court did not poll the jury. On February 8, 2002, the plaintiff, raising claims of error in several of the court's evidentiary rulings, filed a motion to set aside the verdict pursuant to Practice Book § 16-35, together with her memorandum of law in support thereof. The court thereafter issued a memorandum of decision denying the plaintiff's motion. The plaintiff subsequently filed the present appeal, challenging the court's resolution of only one of the evidentiary claims she raised in her motion to set aside the verdict.

In her motion to set aside the verdict, the plaintiff claimed, inter alia, that she was entitled to a new trial because the court improperly had excluded from the evidence several photographs that she submitted. According to the plaintiff, those photographs depicted skid marks from the defendant's motor vehicle leading to the point of impact with her motor vehicle as well as the point of impact. At trial, the court excluded those

photographs on the ground that the plaintiff had failed to authenticate them sufficiently.

In a lengthy and comprehensive memorandum of decision on the plaintiff's motion to set aside the verdict, the court, relying extensively on *Tarquinio* v. *Diglio*, 175 Conn. 97, 394 A.2d 198 (1978), concluded that it improperly had excluded the photographs from evidence. It further concluded, however, that this exclusion constituted harmless error. The court noted that the defendant himself had admitted several facts concerning the subject matter depicted in the photographs, including the fact that his motor vehicle had skidded, left skid marks and that he had driven across the double yellow line in the road in an attempt to avoid the collision. The court determined that the defendant's testimony left "no dispute with regard to the skid marks" and determined that the photographs merely would have been cumulative evidence, as both the plaintiff and defendant had "testified to the material facts that could reasonably be culled from the photographs . . . ." The court concluded that its improper exclusion of the cumulative evidence was harmless error not likely to have affected the result of the trial.

The plaintiff claims on appeal that the court improperly determined that its error was harmless and that it improperly denied her motion to set aside the verdict. Before turning to the claim at hand, we must first address the defendant's assertion that the general verdict rule applies to this case and precludes this court from reviewing the merits of the plaintiff's claim.

"Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper,

the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . . On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. . . . Therefore, the general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . .

"Our Supreme Court has held that the general verdict rule applies to the following five situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Internal quotation marks omitted.) *D'Alesandro* v. *Clare*, 74 Conn. App. 177, 180–81, 812 A.2d 76 (2002). The present case falls under the fourth category, denial of a complaint and the pleading of a special defense.

By his answer, the defendant denied the plaintiff's claim of negligence as set forth in the complaint and, by way of special defense, asserted that "[a]ny damages or injuries alleged to have been sustained by the Plaintiff, were the result of her own negligence and carelessness in that . . . she failed to maintain any signals lights, flares or other precautionary safeguards to warn the Defendant of her position." Either of those grounds could have formed the basis for the jury's verdict. The jury reasonably could have concluded that the plaintiff had not sustained her burden of proof with regard to her

complaint or the jury could have reasonably concluded that the defendant prevailed on his special defense. The parties did not request that the court submit interrogatories to the jury and, consequently, we cannot determine the ground on which the jury's verdict rests. In applying the general verdict rule, we presume that every issue was found in favor of the prevailing party, here, the defendant. See *Mazuroski* v. *Hernovich*, 42 Conn. App. 574, 576, 680 A.2d 1007, cert. denied, 239 Conn. 922, 682 A.2d 1003 (1996).

The sole issue presented on appeal is whether, in regard to the court's exclusion of the photographs depicting the defendant's skid marks, the court properly refused to set aside the verdict. To determine if the general verdict rule precludes our review of that issue, we must first determine whether the claimed error relates to either of the two grounds on which the jury might have based its verdict.

Our review of the record leads us to conclude that although the excluded evidence may have been relevant to the issue of whether the plaintiff proved the allegations in her complaint, the evidence was in no way relevant to the issue of whether the defendant proved that the plaintiff was contributorily negligent, as alleged in the special defense. The purpose of the photographs, as shown by the record, was to identify the location of the cars before, at or after the impact. The evidence, as offered, was not relevant to the issue of whether the plaintiff used proper warning signals while operating her vehicle or employed any other precautionary safeguards, as alleged in the special defense.[1]

---

[1] The plaintiff also argues that the court's improper exclusion of the photographic evidence prevented her from "being able to substantially and fairly exercise her right to cross-examine the [defendant] regarding [his] credibility, candor and memory . . . ." She further argues in that regard that the court improperly determined that its error was harmless and that the general verdict rule cannot operate because the court's error "applies to [both her] case-in-chief by way of corroboration and the defendant's claimed special

Application of the general verdict rule to this case precludes our review of the plaintiff's claim of error in the exclusion of the photographs from evidence. We have no need to consider whether the court's evidentiary ruling was proper or, if not, whether its ruling was harmless. The claimed error does not undermine the jury's presumed finding in the defendant's favor on his special defense. The general verdict, therefore, will not be disturbed, and the plaintiff's claim relating to the improperly excluded evidence need not be reviewed. See *Rivezzi* v. *Marcucio*, 55 Conn. App. 309, 313, 738 A.2d 731 (1999).

The judgment is affirmed.

In this opinion the other judges concurred.

defense by way of impeachment." We find no merit in those arguments and, concluding as we do, need not evaluate the propriety of the court's rulings.