SANTIA BENNETT *v.* DEBORAH CHENAULT
(AC 34969)

Gruendel, Robinson and Bishop, Js.

Argued October 21—officially released December 17, 2013

*Richard M. Franchi,* for the appellant (plaintiff).

*Leo J. McManus,* for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Santia Bennett, appeals from the judgment rendered after a jury verdict for the defendant, Deborah Chenault, following a trial on the plaintiff's negligence claim based on premises liability. On appeal, the plaintiff claims that the court erred in denying her motion for a new trial and her motion to set aside the verdict. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The plaintiff was a tenant at the property owned and controlled by the defendant. When the plaintiff

was leaving the aforementioned property in September, 2007, she fell down the exterior stairs, causing personal injuries. Thereafter, she brought an action against the defendant alleging that the negligent upkeep of the stairs caused her to slip and fall.

In her complaint, the plaintiff alleged that the defendant allowed the exterior stairs of the property to remain in a defective condition. More specifically, she claimed that the stairs had short tread width, uneven risers, and worn roofing shingles covering the treads, along with a handrail that could not be grasped by someone using the stairway. The defendant denied those allegations in her answer and asserted a special defense of comparative negligence, stating: "If the plaintiff suffered injuries and damages as alleged in her complaint, she did so as a result of her own negligence and not as a result of any negligence on the part of the defendant in that . . . (b) she failed to use the amount of care that was appropriate under the circumstances . . . ." After trial, the jury returned a general verdict in favor of the defendant, and the court denied the plaintiff's subsequent motions for a new trial and to set aside the verdict. This appeal followed.

I

The plaintiff first claims that the court erred in denying her motions for a new trial and to set aside the verdict for a variety of evidentiary reasons.[1] We conclude that the general verdict rule precludes our review of those claims.

---

[1] The plaintiff claims that the court erred in: (1) granting the defendant's motion in limine as to evidence of subsequent remedial measures; (2) interrogating the plaintiff's expert witness outside the presence of the jury; (3) limiting redirect examination of the plaintiff's expert after the court interrogated the witness outside the presence of the jury; (4) limiting redirect examination of the plaintiff's expert after the defendant went outside the scope of expert disclosure; (5) allowing the defendant to introduce photographs that were not disclosed to the plaintiff during discovery; (6) removing the plaintiff's evidentiary exhibit of the 1995 state building code from jury deliberation; (7) determining that the applicable state building code at issue

"Under the general verdict rule, if a jury renders a general verdict for one party, and [the party raising a claim of error on appeal did not request] interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels. . . .

"On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellant seeks to have adjudicated. Declining in such a case to afford appellate scrutiny of the appellant's claims is consistent with the general principle of appellate jurisprudence that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . .

"In the trial court, the rule relieves the judicial system from the necessity of affording a second trial if the result of the first trial potentially did not depend upon the trial errors claimed by the appellant. Thus, unless an appellant can provide a record to indicate that the result the appellant wishes to reverse derives from the trial errors claimed, rather than from the other, independent issues at trial, there is no reason to spend the judicial resources to provide a second trial. . . . A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. . . .

was the 1987 edition, rather than 2007; and (8) denying the plaintiff's request for a jury charge on negligence per se.

"This court has held that the general verdict rule applies to the following five situations: (1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." (Internal quotation marks omitted.) *Tetreault* v. *Eslick*, 271 Conn. 466, 471–72, 857 A.2d 888 (2004).

The plaintiff claims that we are able to review her claims of error because the general verdict rule does not apply. We disagree.

The plaintiff first argues that the defendant did not raise a proper special defense. She supports her argument by citing *Curry* v. *Burns*, 225 Conn. 782, 797, 626 A.2d 719 (1993), which states that "[i]t is the distinctness of the defenses raised, and not the form of their pleading, that is the decisive test governing the applicability of the general verdict rule." (Internal quotation marks omitted.) The plaintiff concludes that the defendant did not allege a proper special defense because it only attributed the plaintiff's fall to her own negligence. As a result, she claims that the general verdict rule is inapplicable because the doctrine does not apply to a single count complaint with only basic denials of the allegations. This argument is without merit.

There is a "distinction between matters which may be proved under a general denial and matters constituting special defenses . . . . A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent

with the existence of the disputed fact. . . . If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would [independently] destroy the cause of action, the new matter must be affirmatively pleaded as a special defense." (Citation omitted; internal quotation marks omitted.) *Barrows* v. *J.C. Penney Co.*, 58 Conn. App. 225, 233, 753 A.2d 404, cert. denied, 254 Conn. 925, 761 A.2d 751 (2000); see Practice Book § 10-50 ("No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . .").

According to existing jurisprudence, then, the defendant's special defense of comparative negligence would destroy the cause of action, and, thus, she properly alleged a special defense in both her pleadings and through "the distinctness of the defenses raised." See *Curry* v. *Burns*, supra, 225 Conn. 797. The plaintiff's complaint was based on premises liability, and, by her answer, the defendant denied the plaintiff's claim of negligence and raised a special defense of comparative negligence. The denial of negligence and the allegation of a special defense thus constitutes separate and distinct defenses, either of which can support the jury's general verdict. See *Ricciardi* v. *Burns*, 21 Conn. App. 516, 517–18, 574 A.2d 260 (1990). The present case, therefore, falls squarely within the fourth situation to which the general verdict rule applies. See *Tetreault* v. *Eslick*, supra, 271 Conn. 472. Without jury interrogatories, we are unable to discern whether the jury found that the plaintiff failed to prove the negligence allegations of her complaint or whether the jury found that the defendant had prevailed on her special defense of comparative negligence. We therefore must presume,

in accordance with the general verdict rule, that the jury based its verdict on both grounds.

Our conclusion that the general verdict rule applies is dispositive of the plaintiff's appeal and precludes the need to address the errors cited in her brief. See *Diener* v. *Tiago*, 80 Conn. App. 597, 603, 836 A.2d 1224 (2003) ("Application of the general verdict rule . . . precludes our review of the plaintiff's claim of error . . . . We have no need to consider whether the court's evidentiary ruling was proper or, if not, whether its ruling was harmless. The claimed error does not undermine the jury's presumed finding in the defendant's favor on his special defense. The general verdict, therefore, will not be disturbed, and the plaintiff's claim relating to the improperly excluded evidence need not be reviewed.").

II

The plaintiff also claims that, in issuing its decision on the motion for a new trial, the court erred in failing to address the reasons for not disqualifying itself for a relationship of interest. This claim has nothing to do with the theory on which the jury reached its verdict, and, therefore, review of this claim is not precluded by the general verdict rule. See *Small* v. *Stop & Shop Cos.*, 42 Conn. App. 660, 662–63, 680 A.2d 344 (1996) (claim of judicial bias addressed separately following analysis of claims under general verdict rule).

"[O]ur standard of review of the trial court's denial of a motion for a new trial is limited to a determination of whether, by such denial, the court abused its discretion. . . . As a reviewing court considering the trial court's decision granting or denying a motion for a new trial, we must be mindful of the trial judge's superior opportunity to assess the proceedings over which he or she has personally presided." (Citations omitted;

internal quotation marks omitted.) *In re James L.*, 55 Conn. App. 336, 345, 738 A.2d 749, cert. denied, 252 Conn. 907, 743 A.2d 618 (1999).

The plaintiff's counsel made allegations that the trial judge engaged in misconduct because she was "related to the defendant somehow" and "thought that she was at that particular premise upon which [the plaintiff] fell." The record, however, reveals a different story. The court explained its memorandum of decision with regard to the plaintiff's motion to disqualify judicial authority that "the defendant's mother had once been married to the court's second cousin, the defendant's stepfather. . . . [T]he court is not a blood relative of the defendant, and the defendant and the court are not within the third degree of consanguinity vis-à-vis each other. . . . The court further disclosed that [it] was familiar with property owned by the defendant's mother located on Dorman Street, but not with the property on Pond Street which is the subject of this lawsuit. It is possible, however, that as a child, which is more than forty years ago, the court may have visited the Pond Street property, but . . . has no actual recollection of doing so." On our review of the record, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion for a new trial.

Because the plaintiff's judicial misconduct claims are unsupported, we take the time to reiterate that "[a]ny claim of judicial bias is taken as an attack on the fairness of the judicial process. . . . [We] remind [litigants] once again that claims of judicial bias are serious matters that should not be raised for the mere purpose of seeking a reversal of a judgment." *Malave* v. *Ortiz*, 114 Conn. App. 414, 434 n.18, 970 A.2d 743 (2009).

The judgment is affirmed.

In this opinion the other judges concurred.